In the Supreme Court of Georgia

Decided:     October 5, 2015

S15Y1433.  IN THE MATTER OF TONY L. AXAM.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the special master,[1] who recommends that we accept the petition of Tony L. Axam (State Bar No. 029725) for voluntary surrender of his license to practice law. In that petition, Axam admits that he agreed in 2010 to act as a "paymaster" for a client, a role for which he was paid $5,000 for each transaction that he facilitated. On August 5, 2010, another individual — at the direction of Axam's client — directed a wire transfer of $100,000 to what he believed was Axam's trust account; in fact, the money was wired to Axam's operating account. At that time, Axam did not maintain a trust account, and he generally used his operating account to handle the business of his law practice, as well as personal funds. A few days after Axam received the funds, he disbursed them according to the instructions of his client, retaining $5,000 for

---

[1] This Court appointed Daniel J. Quinn as special master in this matter.

himself as his transaction fee. Although the individual who had directed the transfer to Axam specifically requested that he be notified of the disbursement of the funds, Axam failed to notify him. That individual later contacted Axam and repeatedly requested documentation of the disbursement, but Axam failed to provide an accounting or otherwise to document the disbursement of the funds until after the individual filed a grievance. Axam has admitted that he did not read the terms of the trading platform contract in connection with which he was serving as "paymaster," that he did not know the nature of the business dealings between his client and the other individual, and that he asked no questions about the transaction that he facilitated. Although Axam noted that the disbursement instructions from his client came by an e-mail that referred to his client by a different name than that by which he knew her, he says that he assumed that the other name was just a trade name for his client. By these acts, Axam admits that he violated Rules 1.15 (I) and (II) of the Georgia Rules of Professional Conduct, violations that subject a lawyer to disbarment.

We grant the petition and accept the voluntary surrender of Axam's license to practice law, which is tantamount to disbarment. Accordingly, the name of Tony L. Axam is hereby removed from the rolls of persons entitled to

practice law in Georgia. Axam is reminded of his duties under Bar Rule 4-219 (c).

_Voluntary surrender of license accepted._ _All the Justices concur._